**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Alan Dunlap, | ) | No. CV 10-08226-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, Terry Goddard, | ) | |
| Defendants. | ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 9), and petitioner's reply, filed as a traverse and memorandum (docs. 12 and 13). We also have the Report and Recommendation of the United States Magistrate Judge recommending that the petition for writ of habeas corpus be denied (doc. 14), and petitioner's objections (doc. 17).

Petitioner was convicted by a jury of one count of premeditated first-degree murder. He was sentenced to life imprisonment without the possibility of parole. The court found his lack of prior felony convictions mitigating, but also found the fact that he committed the crime in a heinous, depraved, and cruel manner aggravating. Petitioner appealed and later filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. The state trial court held an evidentiary hearing to determine whether petitioner's trial counsel refused to allow him to testify. Petitioner did not take the stand. His former lawyer stated that petitioner had chosen not to testify based on her advice. The trial court found that he had not

1 carried his burden of establishing that his counsel improperly prohibited him from testifying, and denied post-conviction relief. The Arizona Court of Appeals and Arizona Supreme Court both denied review. He filed a timely federal habeas petition.

He raises eight grounds for relief: (1) the trial court's jury instruction defining the element of premeditation was unconstitutionally vague; (2) the state failed to present sufficient evidence to prove premeditation; (3) the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights to present a defense and to due process by precluding proffered third-party culpability evidence; (4) the prosecutor improperly vouched for the state's case, violating his Fifth and Fourteenth Amendment rights to due process and a fair trial; (5) the prosecutor shifted the burden of proof to the defense in violation of Fifth, Sixth, and Fourteenth Amendments; (6) the trial court's instruction on reasonable doubt impermissibly lowered the state's burden of proof; (7) the trial court violated his Sixth Amendment guarantee of trial by jury; and (8) ineffective assistance of counsel.

A writ of habeas corpus will not be granted with respect to any claim fully adjudicated on the merits in state court unless the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000).

**I**

In Ground 1, petitioner alleges that the trial court's definition of premeditation in the jury instruction was unconstitutionally vague because it failed to provide a meaningful distinction between first-degree murder and second-degree murder. When reviewing a claim that a jury instruction resulted in a constitutional violation, a court must decide "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72-73, 112 S. Ct. 475, 482 (1991).

The Arizona Court of Appeals denied relief on direct appeal because it found any

error in the jury instruction to be harmless. Errors are harmless if they do not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721-22 (1993). In this case, any error was harmless because petitioner's defense was that he did not commit the murder at all. The evidence of premeditation was overwhelming. Consequently, the element of premeditation was not at issue and it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967). Moreover, the instruction was not unconstitutionally vague. The Arizona Court of Appeals' decision was not clearly contrary to or an unreasonable application of federal law. Habeas relief is denied on this ground.

**II**

In Ground 2, petitioner contends the state failed to present sufficient evidence of premeditation. Only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" can a reviewing court grant habeas relief based on insufficiency of evidence. Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979). The evidence must be viewed in the light most favorable to the prosecution. Id. at 319, 99 S. Ct. at 2781. Here, the prosecution presented evidence that the victim was last seen with petitioner, they were both in petitioner's van in which the victim's blood was found, the victim was stabbed twenty-nine times, her body was dragged away from the murder scene, the victim's body was found by a muddy road and mud was found inside the van and on the van's tires, and petitioner told the police conflicting stories about when and where he last saw the victim. This evidence was sufficient to support a verdict of first-degree premeditated murder. The number of stab wounds alone supports the element of premeditation. The state court's conclusion was not an unreasonable application of Jackson. Petitioner is not entitled to federal habeas relief on this claim.

**III**

Ground 3 alleges that the trial court violated petitioner's rights to present a defense and to due process by precluding his proffered third-party culpability evidence. Petitioner sought

to introduce evidence that the victim's roommate had a history of domestic violence. The trial court excluded this evidence as irrelevant and therefore inadmissible under state evidentiary rules. "The accused does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Montana v. Egelhoff, 518 U.S. 37, 42, 116 S. Ct. 2013, 2017 (1996).

In Arizona, a trial court may "exclude third-party culpability evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" State v. Machado, 226 Ariz. 281, 246 P.3d 632, 635 n.2 (quoting Ariz. R. Evid. 403). The petitioner's proffered evidence was speculative and tangential, as it did not tend to directly connect a third person with the subject offense. "The exclusion of tangential evidence of something that may have happened at a different time and place does not constitute a due process violation." Walters v. McCormick, 122 F.3d 1172, 1177 (9th Cir. 1997). Petitioner's third-party culpability evidence was properly excluded. The Arizona Court of Appeals' rejection of his claim was neither contrary to nor an unreasonable application of clearly established federal law. As a result, petitioner is not entitled to federal habeas relief on this claim.

**IV**

In ground 4, petitioner claims the prosecutor impermissibly vouched for the state's case in violation of his Fifth and Fourteenth Amendment rights to due process and a fair trial. The prosecutor stated during argument that police would have pursued evidence that led to other suspects. He also said "we all know it's [petitioner's] prints," referring to a bloody hand print found on the van. Petitioner did not object to either of these statements when they were made.

A prosecutor's comments cannot form the basis for habeas relief unless the petitioner establishes that they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S. Ct. 1868, 1871 (1974)).

"Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir. 1993). The prosecutor here did not comment on the truthfulness of any witness's testimony, give personal assurances of any witness's credibility, or suggest that he had information outside of the evidence which supported a witness's credibility. The prosecutor's comment that police officers would have pursued evidence leading to other suspects is not the same as saying he believed an officer was credible. Cf. United States v. Weatherspoon, 410 F.3d 1142, 1146 (9th Cir. 2005) (finding improper vouching when prosecutor "clearly urged that the existence of legal and professional repercussions served to ensure the credibility of the officers' testimony"). The context of the trial as a whole must be considered in determining whether a prosecutor's statement amounts to improper vouching. United States v. Young, 470 U.S. 1, 11 (1985). The defense had put forth the theory that the victim's roommate or another third party had murdered her. The prosecutor's statement rebutted this claim. He then immediately set forth reasons why other parties were not considered suspects.

Saying that the hand print was the petitioner's was not improper. Evidence had been introduced at trial that neither the victim, her roommate, nor petitioner's family members could have left the print. There was not a single point of dissimilarity between petitioner's known prints and the bloody print on the van. His statement cannot be construed as implying that he had extra-record evidence. Young, 470 U.S. at 19. His use of the phrase "we know" does not constitute vouching warranting reversal. United States v. Younger, 398 F.3d 1179, 1191 (9th Cir. 2005) ("[P]rosecutors used the phrase 'we know' to marshal evidence actually admitted at trial and reasonable inferences from that evidence, not to vouch for witness veracity or suggest that evidence not produced would support a witness's statements.").

The Arizona Court of Appeals correctly concluded that the prosecutor's statements were not improper. This conclusion is not clearly contrary to or an unreasonable application of clearly established federal law. Petitioner is not entitled to habeas relief on this ground.

**V**

In ground 5, petitioner contends the prosecutor improperly shifted the burden of proof to the defense. The prosecutor argued that petitioner had not presented any evidence to support petitioner's theory that another person killed the victim. "Prosecutors may comment on the failure of the defense to produce evidence to support an affirmative defense so long as it does not directly comment on the defendant's failure to testify." Cook v. Schriro, 538 F.3d 1000, 1020 (9th Cir. 2008). The Arizona Court of Appeals concluded that the prosecutor's comment on the defense's failure to present evidence supporting his theory did not infringe upon petitioner's right to remain silent. This was not contrary to or an unreasonable application of federal law. Accordingly, petitioner is not entitled to relief on this ground.

**VI**

In ground 6, petitioner asserts the trial court's instruction on reasonable doubt impermissibly lowered the state's burden of proof in violation of his Fifth, Sixth, and Fourteenth Amendment rights. The Constitution does not require any specific language in an instruction on reasonable doubt. The central issue is whether, "taken as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury." Holland v. United States, 348 U.S. 121, 140, 75 S. Ct. 127, 138 (1954). The trial court's jury instruction was promulgated by the Arizona Supreme Court and modeled after the pattern jury instruction on reasonable doubt promulgated by the Federal Judicial Center. The instruction here was sufficient to convey the concept of reasonable doubt to the jury. The Arizona Court of Appeals' conclusion to this effect was not clearly contrary to or an unreasonable application of federal law. Petitioner is not entitled to habeas relief on this claim.

**VII**

In ground 7, petitioner contends that the trial court violated his right to a jury trial by sentencing him to prison for natural life based upon the court's finding that he committed the murder in a heinous, depraved, or cruel manner. Under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000), facts, other than a prior conviction, which

increase the penalty beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. The statutory maximum is the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004).

"If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt." Ring v. Arizona, 536 U.S. 584, 602, 122 S. Ct. 2428, 2439 (2002). Arizona has determined that a defendant convicted of first-degree murder may be sentenced to natural life or life imprisonment with the possibility of parole after twenty-five years. The sentence of natural life may be imposed by a judge based solely on the elements of that crime; in other words, no aggravating factor or specific finding of fact need be found in order to impose a sentence of natural life. State v. Fell, 210 Ariz. 554, 558, 115 P.3d 594, 598 (2005). As a result, there was no finding of fact here which increased the penalty beyond the legislatively prescribed statutory maximum. The court's sentence of natural life, based on its finding that petitioner committed this crime in a heinous, depraved, or cruel manner, did not violate his right to trial by jury. The Arizona Court of Appeals' denial of habeas relief on this ground was not contrary to or an unreasonable application of federal law. Petitioner is not entitled to relief on this claim.

**VIII**

In ground 8, petitioner alleges that he was denied the effective assistance of counsel at his trial and sentencing. To be entitled to relief on this ground, petitioner must show that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Deficiency is established by showing that counsel's actions "fell below an objective standard of reasonableness. . . . under prevailing professional norms." Id. at 688, 104 S. Ct. at 2064-65. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. When a state habeas petitioner presents a Strickland claim,

"the question is not whether counsel's actions were reasonable. . . . [but] whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 131 S. Ct. 770, 788 (2011).

The state trial court did not detail its reasons for denying the ineffectiveness claims raised by petitioner in his Rule 32 petition (doc. 1, ex. pt. 3 at 87). Even a summary ruling constitutes an on-the-merits adjudication within the meaning of 28 U.S.C. § 2254(d)(1) and (d)(2). Richter, 131 S. Ct. at 784. The magistrate judge reviewed the record and found that the state's decision was not clearly contrary to or an unreasonable application of federal law, and we agree.

Petitioner's habeas petition contains sweeping allegations of wrongdoing by his trial counsel. He alleges counsel refused to interview witnesses, test DNA and fingerprint evidence, obtain an expert witness, call or interview any defense witnesses, keep petitioner informed about his case, or allow him to testify (doc. 1 at 13). He also alleges that, because of her inexperience, she was inadequate in cross-examining witnesses. "[A] habeas court cannot even begin to apply Strickland's standards to such a claim unless and until the petitioner makes a 'specific, affirmative showing as to what the missing evidence or testimony would have been.' . . . The petitioner must come forward with 'sufficiently precise information' as to the evidence or testimony that was not brought before the trial court." United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991). Petitioner's federal habeas petition gives little indication as to why he believes his counsel was deficient. No affirmative showing is made as to what evidence was not brought before the trial court. Counsel's lack of experience is not equivalent to incompetence. United States v. Cronic, 466 U.S. 648, 665, 104 S. Ct. 2039, 2050 (1984); Ortiz v. Stewart, 149 F.3d 923, 933 (9th Cir. 1998) ("It is well established that an ineffective assistance claim cannot be based solely on counsel's inexperience."). Finally, petitioner alleges that he was not permitted to testify at his trial, but the state court held an evidentiary hearing and found that he failed to carry his burden of proof on this issue (doc. 11, ex. FF at 7). He does not challenge the state court's evidentiary ruling. There is no clear and convincing proof that the state court incorrectly

decided a factual issue. See 28 U.S.C. § 2254(e)(1).

After reviewing the record, we find that the state courts' decision that petitioner was not denied effective assistance of counsel was not clearly contrary to or an unreasonable application of federal law. Petitioner is not entitled to relief on this claim.

**IT IS THEREFORE ORDERED** accepting the recommendation of the magistrate judge (doc. 14) and **DENYING** the petition for writ of habeas corpus (doc. 1).

DATED this 26th day of October, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge